UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNETTE FRARY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF MARIN, et al.,<br><br>    Defendants. | Case No. 12-cv-03928-MEJ<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 69, 70, 72 |

## INTRODUCTION

Plaintiffs Lynette Frary, Jamie Ball, and Heather Howard ("Plaintiffs") bring this case under 42 U.S.C. § 1983 and related state law claims arising out of the death of Anthony Brandon, who died after secretly ingesting lethal quantities of drugs while being transported to the Marin County Jail ("MCJ"). Compl. ¶¶ 4-10. Plaintiffs allege that one of the arresting officers knew Brandon had ingested the drugs, but failed to convey this vital information to medical staff. Jt. Ltr. at 2, Dkt. No. 69.

Currently pending before the Court are the parties' joint letter briefs regarding Plaintiffs' motions to: (1) compel Defendants to produce for deposition the person(s) most knowledgeable ("PMK") on certain deposition topics (Dkt. No. 69); (2) compel Defendant County of Marin ("County") to produce additional PMK witnesses (Dkt. No. 70); and (3) compel the County to allow physical inspection and testing of portions of the jail facility where Brandon was held.

## DISCUSSION

**A. Whether the Deposition Should Proceed**

As a preliminary matter, Plaintiffs request the Court extend the discovery cutoff in order to allow them to reschedule Defendants' PMK depositions. Jt. Ltr. at 2, Dkt. No. 70. Fact discovery in this case ended on January 17, 2014. *Id*. Since Plaintiffs have moved for an extension after the

time has expired for completing discovery, Plaintiffs must demonstrate good cause for an extension of discovery as well as excusable neglect for failing to complete discovery by the cutoff date. Fed. R. Civ. P. 60(b). This "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Additionally, Civil Local Rule 37–3 provides, "Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." Civ. L.R. 37–3.

        Plaintiffs assert that good cause exists to extend fact discovery to take the PMK depositions. In support of their argument, Plaintiffs assert that they first served the PMK notice on October 24, 2013, at which point a dispute developed as to the scope of the topics. Dkt. No. 70 at 2. On November 6, 2013, the parties met and conferred regarding the scope of the topics presented in the notice, but a number of topics remained unresolved. *Id.* Plaintiffs' counsel states that he intended to first resolve these remaining issues before re-noticing the PMK depositions, but delayed based on Defendants' suggestion that no depositions be set until after the December 5, 2013 mediation. *Id.* Then, on December 9, 2013, counsel's two year-old became seriously ill with an intestinal virus and had to go to the emergency room. *Id.* Next, counsel's entire family became ill, and counsel was incapacitated for a week. *Id.* Counsel states that he did not schedule the depositions thereafter because he understood Defendants' Notice of Unavailability of Counsel to mean the entire office was unavailable from December 20, 2013 - January 6, 2014. *Id.* Other matters and holiday obligations further lead to the delay. *Id.* When Plaintiffs attempted to schedule the PMK depositions on January 10, 2014, the only unscheduled days left before the discovery cutoff date were January 15th and 16th. *Id.* at 3.

        Defendants oppose reopening discovery, arguing that Plaintiffs' belated attempt to schedule the PMK depositions is improper and unreasonable, given counsel's awareness of the looming January 17, 2014 deadline in mid-November. *Id.* Defendants also argue that Plaintiffs failed to give reasonable notice as required by Federal Rule of Civil Procedure ("Rule") 30(b)(1), as the notices gave only three business days' notice, which is insufficient and improper given that only two days were available before the discovery cutoff, with an intervening deposition in South

Carolina. *Id.*

Upon review of the parties' arguments, the Court finds Plaintiffs' reasons for the delay are lean, given the importance of the PMK depositions to this case and the narrow timeline in which to schedule them. However, the Court finds that Plaintiffs have made a sufficient showing of good cause to extend fact discovery for the limited purpose completing the PMK depositions. Although not handled in an ideal manner, Plaintiffs have established that their efforts to timely schedule the depositions were hampered by a reasonable misunderstanding and intervening illness. When Plaintiffs became aware of their mistake, they diligently tried to schedule the deposition prior to the discovery cut off, and then promptly moved for relief when they were unable to do so. Accordingly, the Court GRANTS Plaintiffs' motion to extend the discovery cutoff for the purpose of taking the PMK depositions.

**B.     Rule 30(b)(6) Deposition Topics**

The parties dispute the inclusion of seven topics in Plaintiffs' Rule 30(b)(6) deposition notice. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). On a discovery motion, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(c).

    1.     Topic Nos. 2 and 25

Topic No. 2 seeks to compel production of a PMK witness regarding "policies and procedures relating to the identification of controlled substances found among the belongings of

3

prisoners during booking searches." Jt. Ltr. at 2, Dkt. No. 69. Plaintiffs contend that this topic is designed to elicit whether there were unwritten policies and procedures at the MCJ which varied from the written policies and procedures produced by the County, such as whether deputies conveyed information regarding drugs identified on an arrestee to the nursing staff. *Id*. Defendants object to this topic on the grounds that it would not lead to the discovery of relevant evidence because these policies and procedures concern the identification of substances for the sole purpose of developing charging information. *Id*.

Topic No. 25 seeks to compel production of a PMK witness regarding "the identification by deputies of the pills found in the possession of decedent on July 29, 2011." *Id.* at 5. Plaintiffs argue that they are entitled to this information, and all details of the investigation, because they are "entitled to know the details concerning their investigation, including the sources they used and the information they discovered." *Id*. Defendants argue that this information is irrelevant because any investigation was for the purpose of evaluating criminal charges, not for triggering medical monitoring. *Id*.

Upon review of the parties' arguments, the Court finds that neither of these topics pertains to procedures for medical care or monitoring of arrestees or inmates. Accordingly, Plaintiffs' motion to compel testimony regarding Topic Nos. 2 and 25 is DENIED.

2. Topic No. 13

Topic No. 13 seeks to compel production of a PMK witness to testify regarding "policies and procedures for tracking the time during which a prisoner in the Administrative Segregation section has remained unconscious." *Id*. at 3. Plaintiffs argue that this information is relevant because Brandon was not seen to be conscious or responsive after the 10:30 p.m. visit from Officer Commisto on the evening of July 29, 2011, and they are entitled to discover whether MCJ had a policy to monitor such inmates. *Id.* Defendants contend that the term "unconscious" is too vague. *Id*. Defendants maintain that Brandon appeared to be sleeping normally, and there is no policy for tracking sleeping inmates. *Id*.

The Court finds that PMK testimony on this topic is relevant to Plaintiffs' claims, as the crux of the parties' dispute is whether Brandon was properly monitored during his stay in the

4

segregation cell at the MCJ. Accordingly, the motion to compel production of a PMK witness to testify regarding MCJ's policy is GRANTED.

3. Topic Nos. 19-21

Topic Nos. 19 and 20 concern database entries made by Deputy Sheriff 1573. Topic No. 19 seeks a deponent to testify regarding "the purpose and intent behind the database entry by the Deputy Sheriff with badge number 1573 at 17:43 on July 29, 2013, conveying what that deputy was told by Nurse 'Shannon Fenley.' [sic]." *Id*. at 3. Topic No. 20 seeks a deponent to testify regarding "the purpose and intent of the entry into the Tiburon database reflected in the document that was Bates-numbered 01088 COM." *Id*. at 4. Topic No. 21 seeks a deponent to testify regarding "the identity of the deputy whose badge number was 1573." *Id.* Plaintiffs argue that they are entitled to depose a PMK to clarify whether the Deputy Sheriff's entries pertained to monitoring Brandon during the hours he was held in booking for observation by nursing staff, or to when he was placed alone in an administrative segregation cell. *Id*. at 3-4. Plaintiffs declined to notice the Deputy Sheriff's deposition prior to the close of fact discovery. *Id.* at 4.

The Court DENIES Plaintiffs' motion to compel deposition witnesses on these topics. Nurse Fetterly is the author of the comment to the deputy requesting that he or she "please monitor inmate," and is thus the person most knowledgeable about the "purpose and intent" of her comment. *Id*. at 3-4. Plaintiffs have already deposed Nurse Fetterly, and they may not use a 30(b)(6) deposition to depose a percipient witness they omitted to notice prior to the close of fact discovery. Fed. R. Civ. P. 26(b)(1)(ii).

4. Topic No. 30

Topic No. 30 seeks a deponent to testify to whether "any changes of or to the furnishings within cell 1 of the Administrative Segregation section of the Marin County Jail" have been made since Brandon's incarceration. Jt. Ltr. at 3-4. Defendants object to providing a deponent to testify to this issue, but are willing to formally state that there has been no change. *Id*. at 5. Accordingly, the Court finds no reason to order a deposition for the purpose of making a formal record of the County's response, and thus DENIES Plaintiffs' motion to compel deposition witnesses on this topic. However, as Defendants state that no changes have been made, they shall provide a

declaration stating that "no changes of or to the furnishings within cell 1 of the Administrative Segregation section of the Marin County Jail" have been made since Brandon's incarceration. The declaration must be served by May 27, 2014.

**C.     Plaintiffs' Motion to Compel Physical Inspection of MCJ**

Plaintiffs seek an order compelling the County to permit them to inspect, photograph, and test portions of the MCJ, including the Administrative Segregation tower; Cell No. 1, where Brandon was housed; the intercom system used to communicate between the tower and the cells; the booking area; and sobering, safety and/or observation cells. Jt. Ltr. at 2, Dkt. No. 72. Plaintiffs argue that the inspection is relevant to whether the jail guards were able to conduct direct visual observation of Brandon, as required by state prison regulations. *Id*. Plaintiffs argue they are entitled to determine what portions of Cell No. 1 can actually be seen from the tower. *Id*. at 3. Plaintiffs also argue they are entitled to discover whether the intercom system actually allows guards to detect the sound of an individual inmate's breathing while at rest. *Id*. Plaintiffs contend information gathered from the inspection is relevant to show whether any regular safety checks were conducted by guards from the Administrative Segregation pod tower. *Id*. Plaintiffs additionally argue that no privacy or safety concerns will be implicated by the inspection, which will take approximately 45 minutes. *Id*. at 4.

Defendants object on the grounds of relevance. *Id*. Specifically, Defendants assert that there is no need for any special monitoring of inmates who report opiate withdrawal because jail policy is to use such information to alert medical staff for treatment purposes alone. *Id*. Defendants also contend that the need for the inspection would fail to lead to the discovery of any relevant evidence because Brandon was observed to be breathing normally at both 5:30 a.m. and 8:40 a.m. on the day of his death. *Id*. at 5. Defendants additionally contend that the inspection would violate the inmates' privacy, as the cells are open to view. *Id*. Last, security risks from allowing outsiders to observe the jail layout and staffing, coupled with internal safety concerns stemming from the relocation of inmates during the inspection also militate against allowing the inspection. *Id*.

Upon review of the parties' arguments, the Court finds that an inspection is reasonable in

light of Plaintiffs' claims and the circumstances surrounding Brandon's death. Accordingly, the Court GRANTS the motion to compel the physical inspection of the Marin County Jail. The Court is also mindful of the safety and privacy concerns implicated by the inspection, and therefore ORDERS the parties to meet and confer to develop a proposal that allows the County to protect the safety and privacy of the jail, while allowing Plaintiffs reasonable access to the facilities.

## CONCLUSION

Based on the analysis above, the Court ORDERS as follows:

1) The Court GRANTS Plaintiffs' motion to extend the discovery cutoff for the purpose of taking a PMK deposition with respect to Topic No. 13 only. Said depositions shall be completed by June 23, 2014. The Court reserves the right to: (a) apportion costs until all of the issues surrounding the PMK deposition are resolved; and (b) limit the number of deponents in accordance with this Order;

2) The Court GRANTS Plaintiffs' motion to compel a physical inspection of the Marin County Jail. The parties are ORDERED to meet and confer to develop a proposal for the inspection by June 9, 2014; and

3) Defendants shall serve the declaration regarding changes to Administrative Segregation Cell 1 by May 27, 2014.

**IT IS SO ORDERED.**

Dated: May 20, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge