UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNETTE FRARY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF MARIN, et al.,<br><br>    Defendants. | Case No. 12-cv-03928-MEJ<br><br>**ORDER RE: MOTION TO COMPEL RESPONSE TO SUBPOENA**<br><br>Re: Dkt. No. 68 |

Currently before the Court is a letter brief regarding Plaintiff Lynette Frary's ("Plaintiff") motion to compel a response from nonparty AT&T Mobility, LLC ("AT&T") to a subpoena requesting telephone records of Defendant Officer Stephanie Commisto. Pl.'s Ltr., Dkt. No. 68. Plaintiff seeks to compel the cellular phone used by Officer Commisto from July 29, 2011, at 5:00 p.m. to 7:00 a.m. on July 30, 2011. *Id.* at 2.

On November 21, 2013, Plaintiff served a subpoena on AT&T, the service provider for the phone from which Officer Commisto is alleged to have made a call to Plaintiff during which Ms. Frary raised concerns that her son, Brandon Carmignani, may have consumed lethal amounts of narcotics prior to his arrest. *Id.* at 4. The subpoena was served by fax, the method designated by AT&T. *Id.* at 3. In accordance with Federal Rule of Civil Procedure ("Rule") 45, Plaintiff also served notice of service of the subpoena on counsel for each of the defendants on the same date. *Id.* at 7-9. The date for compliance with the subpoena was December 4, 2013. *Id.* at 4. Defendants did not object to the subpoena. The fact discovery cutoff in this case was January 17, 2014. Dkt. No. 62. Plaintiff timely moved to compel compliance with the subpoena.

After service, Plaintiff's counsel ("Counsel") contacted AT&T to confirm receipt of the subpoena and was advised that the request had been received but that AT&T would likely respond

after the date specified in the subpoena. Pl.'s Ltr. at 2. With the discovery cutoff looming, Counsel spoke with an unnamed "subpoena service center representative" on January 13, 2014, to advise that a prompt response was needed. *Id*. Counsel further advised that he would file a motion to compel if no response was received by January 24, 2014. *Id*. The representative stated she would pass the message on to her managers. *Id*. AT&T did not produce the documents and has not communicated with Counsel. *Id*. Neither Defendants nor AT&T have objected to the subpoena.

Under Rule 45(a)(1), any party may serve a subpoena commanding a nonparty to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." The subpoena is subject to the relevance requirements set forth in Rule 26(b). Thus, the subpoena may command the production of documents and tangible things that are not privileged and are relevant to the subject matter, if they would be admissible at the trial or are reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

A person commanded to produce documents may serve a written objection to the subpoena. Fed. R. Civ. P. 45(c)(2)(B). After a written objection has been made, the party serving the subpoena may not have access to the requested documents absent a court order, but may at any time move for an order to compel document production. *Id*.; *see also* Fed. R. Civ. P. 37(a) (any party may upon notice request an order compelling discovery or disclosure).

Under Civil Local Rule 37-2, a party moving to compel discovery must "detail the basis for the party's contention that it is entitled to the requested discovery and show how the proportionality and other requirements of Rule 26(b)(2)[1] are satisfied." The court has discretion to

---

[1] Rule 26(b)(2) provides that the Court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in

determine whether to grant a motion to compel.  *Garrett v. City and Cnty. of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987).

Here, the Court finds that Plaintiff is entitled to the phone records.  Plaintiff has established that these records are relevant because one of the central issues in this case is whether the defendants had knowledge that Mr. Carmignani had ingested lethal amounts of drugs prior to his arrest and subsequent incarceration in the Marin County Jail.  Plaintiff asserts that she told Officer Commisto about her fear that her son had ingested these drugs by telephone after he had been arrested, but Officer Commisto denies that this conversation took place.  Pl.'s Ltr. at 2.

For the foregoing reasons, the Court finds that Defendant Officer Commisto's phone records during the time period stated above are discoverable.  The records are relevant and any applicable privacy interests can be protected by limiting the disclosure to records of only the calls made to or received from Plaintiff.  Although the defendants have not objected to the scope of the subpoena, the Court further finds it appropriate to limit its scope to only those records pertaining to calls made to or received from Plaintiff on July 29, 2011, at 5:00 p.m. to 7:00 a.m. on July 30, 2011.

Accordingly, Plaintiff's Motion to Compel is GRANTED.

**IT IS SO ORDERED.**

Dated: May 22, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.