UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNETTE FRARY, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF MARIN, et al.,<br><br>　　　　Defendants. | Case No. 12-cv-03928-MEJ<br><br>**ORDER APPROVING COMPROMISE OF MINOR'S CLAIM**<br><br>Re: Dkt. No. 174 |

### INTRODUCTION

Plaintiff Jamie Ball, Guardian ad Litem of Amaya Carmignani ("the Minor"), petitions this Court for an order approving her compromise of her minor daughter's claim against the City of Novato and its employees (the "City Defendants") for injuries allegedly sustained by Amaya's late father, Anthony Carmignani. Dkt. No. 174 ("Petition"). The Court held a hearing on this matter on February 5, 2015. Having considered the parties' positions, the relevant legal authorities, and the record in this case, the Court hereby **APPROVES** the compromise of the Minor's claim against the City Defendants for the reasons stated below.

### BACKGROUND

Anthony Carmignani died of a drug overdose while in the custody at the Marin County Jail. Dkt. No. 52, Second Am. Compl. ¶ 29. The day before, Novato Police Department Officer Thomas MacKenzie had arrested Carmignani after another Novato Police Officer, Michael Dunn, investigated a report of a domestic dispute between Anthony and his wife, Plaintiff Heather Howard. *Id.* ¶¶ 32-38. Officer MacKenzie transferred Carmignani to the custody of Officer Dunn, who transported Carmignani to the Marin County Jail. *Id.* ¶¶ 39-40, 49. The Complaint

alleges that both Officers Dunn and MacKenzie failed to adequately search Carmignani for narcotics, which Howard had told Officer Dunn were in Carmignani's possession. *Id.* ¶¶ 37, 42-44. The Complaint also alleges that Officer Dunn (1) failed to monitor Carmignani's actions in the police vehicle; and (2) failed to inform the Marin County Jail nurses or other intake personal about Carmignani's unusual behavior in the police vehicle, which may have been indicative of a medical condition. *Id.* ¶ 50.

Later that night, another Novato Police Officer, Stephanie Commisto, served Carmignani with papers at the jail. *Id.* ¶ 63. The Complaint alleges that Carmignani's mother, Plaintiff Lynette Frary, had warned Officer Commisto that Carmignani had taken a large number of narcotics from her home and her concerns that Carmignani had ingested a number of those pills. *Id.* ¶¶ 64-68. It also asserts that Officer Commisto promised to convey Frary's concerns and the information about the narcotics to the deputies at the Marin County Jail; however, Officer Commisto allegedly did not convey this information. *Id.* ¶¶ 69-70. The Complaint alleges that Officer Commisto's conversation with Carmignani was the last time he was seen conscious or moving in his cell. *Id.* ¶ 71.

Plaintiffs brought suit on July 26, 2012 against the individual Police Officers for violations of Carmignani's constitutional rights as well as negligence claims. Dkt. No. 1; *see also* Second Am. Compl. Plaintiffs further alleged that the Officers' acts and omissions were the product of inadequate training and supervision by Defendants Chief Joseph Kreins and the City of Novato, and that all of the actions constituted both negligence and deliberate indifference to Carmignani's health and safety. Second Am. Compl. at 16-27. Plaintiffs also sued the Marin County Jail and various jail staff (the "County Defendants"). *Id.* ¶¶ 20-21.

On April 23, 2014, the City Defendants and Plaintiffs attended a mediation conducted by the Honorable Alfred Chiantelli (Ret.) and entered into a settlement for a lump sum of $195,000 for all Plaintiffs, on the condition that the City Defendants obtain City Council approval and upon Plaintiff Jamie Ball obtaining an order compromising the claim of her minor daughter. Dkt. No. 179 (City Defendants' Statement of Non-Opposition); *see also* Petition ¶ 7. The City Defendants obtained City Council approval, but the filing of a motion to compromise the minor's claim was

1  delayed for several months, in part due a dispute between the Plaintiffs as to how to allocate the
2  proceeds of the settlement.
3        On October 2, 2014, Plaintiff Ball brought a motion for the Court to approve a compromise
4  of the claim of her minor daughter, proposing to allocate a net recovery of $73,844.38 to Amaya.
5  Dkt. No. 109.  The Court originally heard argument on that motion on December 18, 2014.  Dkt.
6  No. 171.  Following the hearing, Plaintiffs' counsel informed the Court that they would file an
7  amended petition to approve the minor compromise.  Dkt. No. 173.  On January 1, 2015, Plaintiff
8  Ball filed that amended petition.  Dkt. No. 174.  The City Defendants filed a statement of non-
9  opposition to the Petition.  Dkt. No. 179.  The County Defendants filed an objection.  *See* Dkt. No.
10  176 (County Defendants' Objections) and Dkt. No. 177 (Proposed Order).  The Court heard
11  argument on the amended petition on February 5, 2014.  Dkt. No. 187.

## DISCUSSION

**A.  Legal Standard**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'" *Id.* (quoting Fed. R. Civ. P. 17(c)).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'"  *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); see *also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").  A district court must consider whether the proposed settlement is fair and reasonable as to each minor plaintiff.  *Id*. at 1182  "[T]he district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs'

counsel—whose interests the district court has no special duty to safeguard." *Id.*

The *Robidoux* Court, however, expressly limited its holding to a minor's federal claims, noting that it did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n.2. Nevertheless, district courts have found the *Robidoux* rule reasonable in the context of state law claims and have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as well. *Mitchell v. Riverstone Residential Grp.*, 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013) (collecting cases). As this case implicates both federal and state law claims, the Court applies the rule in *Robidoux* to evaluate the settlement of all of the Minor's claims in this case. *See Doe ex rel. Scott v. Gill*, 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012).

## B.     Application to the Case at Bar

Amaya, through her guardian ad litem, has agreed to settle her claims against the City Defendants in exchange for $146,250.00, which represents 75% of the gross settlement amount. The other 25% is to be distributed to Plaintiff Frary for 15% of the gross recovery ($29,250) and to Plaintiff Howard for 10% ($19,500). Amaya's gross recovery will then be reduced by $53,944.52, which represents 75% of the total amount of case expenses incurred by her counsel that totaled $71,926.03. The net recovery for Amaya is thus $92,305.48.[1]

Upon review of the papers submitted, the Court finds the settlement reasonable and in the best interests of Amaya. First, the Court notes that the new net recovery for Amaya is over $18,000 more than the total net recovery proposed in the first petition. *See* Dkt. No. 109 & Ex. 3 (the original petition proposed a net recovery of $73,844.38). Second, Plaintiffs have organized the settlement so that Amaya will receive the majority of the settlement proceeds as compared with the other Plaintiffs. Dkt. No. 174, Ex. 3. Finally, having reviewed Amaya's claims against the City Defendants and recoveries in other similar cases, the Court finds Amaya's net recovery fair and reasonable under the circumstances. *See, e.g.*, *Swayzer v. City of San Jose*, 2011 WL

---

[1] The Petition also discusses the Minor's attorneys' fees. Her attorneys seek a fee of 25% of the net recovery, which is an amount of $23,076.37. Therefore, the net balance of the proceeds paid to Amaya will be at least $69,229.11.

4

3471217, at *1 (N.D. Cal. Aug. 5, 2011) (finding settlement of minor's section 1983 claims against the City in exchange for $2,054.17 fair and reasonable); *Doe ex rel. Scott*, 2012 WL 1939612, at *2 (finding settlement of minor's section 1983 claims for the death of her mother for $7,188 fair and reasonable); *Armstrong v. Dossey*, 2013 WL 4676541, at *5 (E.D. Cal. Aug. 30, 2013) (finding fair and reasonable settlement of minors' section 1983 claims for their father's death for $22,500 and $11,000 respectively between the minors).

### C. The County Defendants' Objection

In their Objection, the County Defendants request that the Court strike paragraph 9 of the Petition, which describes, among other things, Plaintiff Ball's assessment of the liability of the City Defendants as compared with the County Defendants. The Court overrules the County Defendants' Objection, as Plaintiff Ball's assessment of the respective liability between these Defendant groups has no impact on the Court's decision here. Also, to the extent the County Defendants challenge the overall settlement between Plaintiffs and the City Defendants, this Order does not make any determination as to whether that settlement on whole is fair and reasonable. This Order relates solely to assessing the compromise of the Minor's claim and the reasonableness of the Minor's net recovery.[2]

Additionally, while the County Defendants suggest that Plaintiff Ball should have submitted more case law comparing the recoveries in other similar cases, as noted above, the Court is satisfied that Amaya's recovery in this case is fair and reasonable as compared with similar cases in this Court's review.

### CONCLUSION

Based on the foregoing, the Court hereby **APPROVES** the compromise of the Minor's claim against the City Defendants.[3]

---

[2] Nor does the Court make a finding as to the reasonableness of Plaintiff's attorneys' fees or whether the amounts allocated to Plaintiffs Howard and Frary are fair or reasonable. *See Robidoux*, 638 F.3d at 1182 ("[T]he district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard.").

[3] Plaintiffs previously submitted a letter informing the Court that they would formally withdraw

5

Additionally, the Court **ORDERS** as follows:

(1) The City Defendants shall cooperate in the purchase of a Structured Settlement Annuity for the benefit of Amaya Carmignani pursuant to Section 130(c) of the Internal Revenue Code, with a present value of at least $60,000.00. The annuity shall be assigned by execution of a Qualified Assignment by the Defendants and/or insurer to a life carrier(s) with an "A+" or better rating by the independent rating service, A.M. Best.

(2) The sum of at least $9,229.11 shall be deposited in an interest-bearing, federally insured blocked account. The account shall indicate that Amaya Carmignani owns the account; the blocked account belongs to a minor; and the minor was born on April 3, 2006. No withdrawals of principal or interest shall be made from the blocked account without a written order under this case name and number, signed by a judge, and bearing the seal of this Court, until the minor attains the age of 18 years on April 3, 2024. When the minor attains the age of 18 years, the depository, without further order of this Court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this Order.

(3) Plaintiff Ball and/or the Minor's attorney shall deliver to each depository a copy of this order at the time of deposit;

(4) Within 45 days after the receipt of the settlement funds from the City Defendants, Plaintiff Ball shall provide proof to the Court that at least $60,000 was invested in a Structured Settlement Annuity and that at least $9,229.11 was deposited into a blocked account with a federally insured bank for the benefit of the Minor, and that she can access said funds when she reaches the age of 18 years.

(5) Within 60 days after the receipt of the settlement funds from the City Defendants,

---

their Motion to Distribute the Settlement Proceeds (Dkt. No. 108). In light of that letter and the findings in this Order, the Court now DENIES that motion WITHOUT PREJUDICE. Additionally, as Plaintiffs have amended their earlier Motion to Approve the Minor's Compromise (Dkt. No. 109), and their amended motion (Dkt. No. 174) is now the subject of this Order, the Court therefore DENIES AS MOOT Plaintiffs' previous motion at Dkt. No. 109.

1  either: (1) a stipulated dismissal pursuant to Federal Rule of Civil Procedure
2  41(a)(1)(A)(ii); or (2) a joint status update explaining why a stipulated dismissal has
3  not yet been filed.
4  **IT IS SO ORDERED.**

6  Dated: February 10, 2015

   _____
   MARIA-ELENA JAMES
   United States Magistrate Judge