UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNETTE FRARY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF MARIN, et al.,<br><br>    Defendants. | Case No. 12-cv-03928-MEJ<br><br>**ORDER RE: CITY DEFENDANTS' MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**<br><br>Re: Dkt. No. 190 |

## INTRODUCTION

Pending before the Court is the City Defendants'[1] Motion for Determination of Good Faith Settlement with Plaintiffs, who asserted claims against the City for violations of Anthony Carmignani's constitutional rights and California state law. Dkt. No. 190. Plaintiffs also sued the County of Marin and related staff ("County Defendants"), who oppose the City Defendants' Motion. Opp'n, Dkt. No. 193. Plaintiffs did not file a response to the Motion; rather, Plaintiffs' counsel filed a "Declaration in Reply" to the County's Opposition. Fiol Decl., Dkt. No. 196. The City Defendants then cited this declaration in their Reply. *See* Dkt. No. 197. The County Defendants object to this declaration, in part because by filing it "in Reply" to the County Defendants' Opposition, the County Defendants did not have the opportunity to substantively respond to Plaintiffs' arguments and evidence. *See* Dkt. No. 198.

---

[1] The City Defendants are the City of Novato, Chief Joseph Kreins, Officer Thomas MacKenzie, Officer Michael Dunn, and Officer Stephanie Commisto.

The Court subsequently issued an order vacating the March 12, 2015 hearing on the City Defendants' Motion and deferring ruling on the Motion pending a settlement conference between the Plaintiffs and County Defendants before Magistrate Judge Laurel Beeler on July 15, 2015, her earliest availability. Dkt. No. 199 ("Order"). The City Defendants responded to the Order with a letter, expressing their concern about the timing of the settlement conference and requesting that the settlement conference be held at an earlier time in private mediation. Dkt. No. 201. There is no indication that they conferred with the County Defendants or the Plaintiffs as to this plan. Additionally, Plaintiffs filed a Motion for Leave to File a Motion for Reconsideration of the Order, asking the Court to not defer in ruling on the City Defendants' Motion until after the July 15th settlement conference. Dkt. No. 202. The parties attended a case management conference before the Court on March 17, 2015, where the parties discussed the pending motion and related case management issues. Dkt. No. 207. The Court reset the settlement conference between the parties for May 6, 2015, before Magistrate Judge Jacqueline Scott Corley. Dkt. No. 208.

Now, having considered the parties' positions, relevant legal authority, and the record in this case, the Court hereby **DEFERS** ruling on the City Defendants' Motion for Determination of Good Faith Settlement and **ORDERS** supplemental briefing as discussed below. Given that the Court is continuing to review the City Defendants' Motion, the Court **DENIES** Plaintiffs' Motion for Leave to File a Motion for Reconsideration as moot.

## BACKGROUND

On July 30, 2010, Carmignani died of a drug overdose while in the custody of the Marin County Jail. The day before, Novato Police had arrested Anthony Carmignani and transported him to the Jail. Plaintiffs allege that, among other things, Novato Police Officers knew that Carmignani had drugs in his possession, but they failed to adequately search Carmignani to discover those drugs, which Carmignani later ingested in the police vehicle. Plaintiffs also allege that another Novato Police Officer failed to convey information to the Jail staff that Carmignani had possession of narcotics earlier that day and his mother's belief that he likely ingested those drugs and needed to be monitored. Carmignani left behind his minor daughter, Amaya, who is represented by her guardian *ad litem*, Jamie Ball, as well as his mother, Plaintiff Lynette Frary,

and his wife, Plaintiff Heather Howard.

Plaintiffs brought claims against the City Defendants, as well as Marin County and its jail staff under 42 U.S.C. § 1983, alleging violations of Carmignani's constitutional rights and related state law claims. The Court recently granted in part and denied in part the County Defendants' Motion for Summary Judgment. The City Defendants, however, did not file a dispositive motion. The City Defendants and Plaintiffs evidently entered into a settlement back in May 2014 during mediation before the Honorable Alfred Chiantelli (Ret.). The Court was first apprised of the City Defendants and Plaintiffs' settlement on October 2, 2014, the deadline for filing dispositive motions. *See* Dkt. No. 92 (scheduling order); Dkt. No. 108 (Plaintiffs' Motion to Distribute Settlement Proceeds); *see also* Dkt. No. 120 at 1 (County Defendants' Opposition to Plaintiffs' Motion to Distribute Settlement Proceeds, noting that as of October 30, 2014, "neither Plaintiffs nor City Defendants have filed a notice of settlement in this case." (citing Brewer Decl. ¶ 3, Dkt. No. 121)). The County Defendants first learned about the City Defendants and Plaintiffs' settlement in June 2014. Brewer Decl. ¶ 2. The settlement took place without the County Defendants' knowledge or participation. *Id.*

As a condition to this settlement, the City Defendants required Plaintiffs to obtain the Court's approval of the compromise of the minor's claim, which the Court granted on February 10, 2015. Dkt. No. 189. The Court also denied without prejudice Plaintiffs' Motion to Distribute Settlement Proceeds in response to Plaintiffs' letter dated December 23, 2014, which informed the Court that Plaintiffs intended to withdraw that motion. *See* Dkt. No. 173 (Letter from Plaintiffs). The Court now considers the City Defendants' Motion for Determination of a Good Faith Settlement with Plaintiffs, filed on February 12, 2015. Dkt. No. 190.

### DISCUSSION

**A.     Framework and Legal Standard**

The County Defendants oppose the City Defendants' Motion, arguing that, because Plaintiffs have claimed the value of their suit to be worth seven figures in damages, and because the City Defendants settled for only $195,000.00, the County Defendants will be facing a potential judgment for the difference between those sums. Opp'n at 16. They argue that "such a settlement

3

would be patently unfair to County Defendants who would remain in the case and could potentially be held liable for far more than their proportionate liability." *Id.* at 6.

The County Defendants' analysis in challenging the City Defendants' motion is based entirely on California Code of Civil Procedure section 877.6(a), which states that "[a]ny party to an action wherein it is alleged that two or more parties are joint tortfeasors shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . . ." Cal. Civ. Proc. Code § 877.6(a); *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 493 (1985). In turn, "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6(c); *Tech-Bilt*, 38 Cal. 3d at 493. Presumably, the County Defendants want the option to seek contribution from the City Defendants.

The City Defendants challenge this concept, arguing that there is no federal right to contribution under Section 1983. Reply at 1 & n.1 (citing *Allen v. City of Los Angeles*, 92 F.3d 842, 845 n.1 (9th Cir. 1996) *overruled on other ground by Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997)). *Allen* states that "[t]here is no federal right to indemnification provided in 42 U.S.C. § 1983." *Id.* (citing *Banks v. City of Emeryville*, 109 F.R.D. 535, 539 (N.D. Cal. 1985)). Absent Ninth Circuit precedent to the contrary, courts have interpreted *Allen* as establishing that there is no right of indemnification or contribution under Section 1983. *See Hoa v. Riley*, ___ F. Supp. 3d ___, 2015 WL 348703, at *3-4 (N.D. Cal. Jan. 26, 2015) (collecting cases and finding that under current Ninth Circuit law, there is no right of indemnification or contribution under Section 1983). Thus, here the City Defendants contend that any jury verdict based on section 1983 claims "allocates liability and damages to each individual defendant based solely upon that defendant's own constitutional violations." Reply at 1. Plaintiffs' counsel agreed with the City Defendants' assessment, noting that "federal civil rights claims are not subject to comparative fault." Fiol Decl. ¶ 4. The parties' apparent agreement on this issue should alleviate the County Defendants' concern that they will be held jointly and severally liable for any alleged violations by

4

the City Defendants' of Carmignani's constitutional rights under Section 1983. And to the extent the County Defendants wish to hold the City Defendants accountable to them under the theory that the City Defendants' actions contributed to the County Defendants' potential liability, as noted above, such contribution is unavailable for Section 1983 claims under current Ninth Circuit law. *See Hoa*, 2015 WL 348703, at \*4-5 (also noting that absent a contrary directive from the Ninth Circuit, 42 U.S.C. § 1988 does not permit borrowing state law on contribution).

Plaintiffs' state law negligence claims, however, may be subject to contribution. *See* Cal. Civ. Proc. Code § 875(a) ("Where a money judgment has been rendered jointly against two or more defendants in a tort action there shall be a right of contribution among them[.]"); Cal. Civ. Code § 1432 ("Except as provided in Section 877 of the Code of Civil Procedure, a party to a joint, or joint and several obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all the parties joined with him."). Thus, to the extent contribution is an issue in this analysis, it is limited to the potential contribution for Plaintiffs' state law negligence claims.

California Code of Civil Procedure Sections 877 and 877.6 guide the analysis in determining whether the settlement of a claim subject to contribution was made in good faith. The California Supreme Court has held that "[t]he good faith provision of section 877 mandates that the courts review agreements purportedly made under its aegis to insure that such settlements appropriately balance the contribution statute's dual objectives." *Tech-Bilt*, 38 Cal. 3d at 494. The legislative objectives in promulgating Section 877 were "equitable sharing of costs among the parties at fault, and . . . encouragement of settlements." *River Garden Farms, Inc. v. Superior Court*, 26 Cal. App. 3d 986, 993 (1972). However, "equitable sharing" does not require *equal* sharing. *Id.* In *Tech-Bilt*, the California Supreme Court held that when determining whether a settlement is made in good faith,

> the intent and policies underlying section 877.6 require that a number of factors be taken into account including a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial. Other relevant considerations include the financial

> conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants.

*Tech-Bilt*, 38 Cal. 3d at 499. The Court must inquire as to "whether the amount of the settlement is within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." *Id.* Stated another way, the "settlement figure must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the settling defendant's liability to be." *Id.* (citation omitted).

A party opposing the motion for good faith settlement bears the burden of establishing a lack of good faith. *Id.* at 493; *see also* Cal. Civ. Proc. Code § 877.6(d). To successfully oppose a motion for good faith settlement, the opposing party "must demonstrate . . . that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute." *Tech-Bilt*, 38 Cal. 3d at 499-500. The determination as to whether a settlement is made in good faith is a matter within the court's discretion. *Id.* at 502.

**B.    Application to the Case at Bar**

As discussed above, to determine whether a settlement falls within the reasonable range, the Court should weigh the amount of the settlement in light of (1) a rough approximation of the plaintiff's potential recovery and the settlor's proportionate liability in view of the settlement amount; (2) a recognition that a settlor should pay less in settlement than if found liable at trial; (3) the allocation of settlement proceeds among plaintiffs; (4) financial conditions and insurance policy limits of the settling defendants; and (5) any evidence, or absence of evidence, of collusion, fraud or tortious conduct between the settling parties aimed at making non-settling parties pay more than their fair share. *Id.* at 499. The County Defendants assert that "of all the[] factors enumerated in *Tech-Bilt* . . . the most critical is the settling defendants' proportionate liability." Opp'n at 6.

The County Defendants challenge the City Defendants' Motion primarily on the ground that the City Defendants have failed to provide adequate evidence establishing their proportion of liability. The County Defendants contend that "Section 877.6 and *Tech-Bilt* require an evidentiary showing, through expert declarations or other means that the settlement is within the reasonable

6

range permitted by the criterion of good faith." Opp'n at 10 (citing Cal. Civ. Proc. Code § 877.6(b); *Tech-Bilt*, 38 Cal. 3d at 500). Likewise, the County Defendants cite *Toyota Motor Sales U.S.A., Inc. v. Superior Court* for the proposition that "[i]f . . . there is no substantial evidence to support a critical assumption as to the nature and extent of a settling defendant's liability, then a determination of good faith based upon such assumption is an abuse of discretion." 220 Cal. App. 3d 864, 871 (1990), *as modified* (June 5, 1990).

The Court agrees with the County Defendants on this issue. The California Supreme Court in *Tech-Bilt* established that "Section 877.6 contemplates that the determination of good faith may be made by the court on the basis of affidavits" as well as by potentially "enlist[ing] the guidance . . . of experts in the field" such as "settlement negotiators [who] can predict with some assurance whether a settlement is within the reasonable range permitted by the criterion of good faith." *Tech-Bilt*, 38 Cal. 3d at 500 (citation omitted). As noted by the California Court of Appeal in *City of Grand Terrace v. Superior Court*:

> Because *Tech-Bilt* mandates a rough approximation of the settling defendant's proportionate liability and consideration of all other defendants' proportionate liability and consideration of all other factors that might affect the fairness of the settlement as respects nonsettling defendants, the affidavits, declarations or other evidence should provide the court with the facts necessary to evaluate the settlement in terms of the factors contemplated by *Tech-Bilt*. Without the facts, in a contested hearing, it is impossible for a court to exercise its discretion in an appropriate fashion.

192 Cal. App. 3d 1251, 1263 (1987); *see also Mattco Forge, Inc. v. Arthur Young & Co.*, 38 Cal. App. 4th 1337, 1352 (1995), *as modified on denial of reh'g* (Oct. 26, 1995) ("[B]ecause there is no substantial evidence the subject settlement is in the ballpark of [the settling party]'s proportionate liability, the trial court abused its discretion in approving the good faith settlement.").

The City Defendants have not provided any evidence establishing a rough approximation of Plaintiffs' total recovery or its proportionate liability. *See Tech-Bilt*, 38 Cal. 3d at 499. While the City Defendants' submitted the declaration of their counsel, Richard W. Osman (Dkt. No. 190-1), the Declaration does not provide substantial evidence as to the extent of the City Defendants' liability. *See Toyota Motor Sales*, 220 Cal. App. 3d at 871 ("Substantial evidence, of course, is not synonymous with 'any' evidence, but is evidence which is of ponderable legal significance. It

must be 'reasonable in nature, credible, and of solid value; it must actually be 'substantial' proof of the essentials which the law requires in a particular case.'" (citations omitted)). Instead, Mr. Osman's Declaration provides a rough sense of the facts of the case against the City Defendants, without any support indicating that "the amount of the settlement is within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." *Tech-Bilt*, 38 Cal. 3d at 499. To the extent the Court could even consider Plaintiffs' counsel's declaration, that declaration likewise fails to contain evidence addressing either the value of Plaintiffs' claims or whether the amount of the settlement is in the reasonable range of the City Defendants' comparative liability. Nor does Plaintiffs' Motion for Leave to File a Motion for Reconsideration provide any explanation as to the value of Plaintiffs' claims or the issue of proportional liability. While a good faith settlement "does not call for a perfect apportionment of liability[,]" it does require "a rough approximation between a settling tortfeasor's offer of settlement and [its] proportionate liability." *F.D.I.C.. ex rel. Am. Commerce Nat. Bank v. Garner*, 168 F.3d 498, at *2 (9th Cir. 1999) (unpublished) (citing *N. Cnty. Contractor's Ass'n Inc. v. Touchstone Ins. Serv.*, 27 Cal. App. 4th 1085, 1090-91 (1994)).

*Tech-Bilt* provided an example of one such case demonstrating a reasonable range or rough approximation of a settling tortfeasor's proportional liability: *Widson v. International Harvester Co.*, 153 Cal. App. 3d 45 (1984), *superseded by statute on other grounds as stated in Millard v. Biosources, Inc.*, 156 Cal. App. 4th 1338, 1349 (2007). *See Tech-Bilt*, 38 Cal. 3d at 501. In *Widson*, the plaintiff settled with a joint tortfeasor, Louetto, for $30,000, which the trial court, and later, the Court of Appeal, found was a settlement made in good faith. *Widson*, 153 Cal. App. 3d at 58. "In affirming the trial court's decision that the settlement was in good faith within the meaning of section 877.6, the court found: 'Substantial evidence supports the trial court's determination the amount of the settlement is in fact fair.'" *Tech-Bilt*, 38 Cal. 3d at 501 (quoting *Widson*, 153 Cal. App. 3d at 58). *Tech-Bilt* noted that the *Widson* Court considered that "[e]valuations of Louetto's potential liability ranged from zero to 10 percent of plaintiff's recovery. Counsel for Louetto expressed the view that in the worst case Louetto's exposure would tally 25 percent. Evaluations of plaintiff's total recovery ranged from $200,000 to $750,000. In

8

1   such a factual context, it cannot be said the $30,000 paid by Louetto was unreasonable." *Id.*
2   (quoting *Widson*, 153 Cal. App. 3d at 58 (internal marks omitted)).

3   No such analysis is capable of occurring here with the limited evidence provided. While
4   the City Defendants dispute that Plaintiffs indicated that this is a "seven figure" case, the City
5   Defendants do not otherwise provide any sense of the value of Plaintiffs' negligence claims.[2] *See*
6   Reply at 6. Instead, the City Defendants maintain that their liability for Plaintiffs' negligence
7   claims is virtually non-existent and suggest that any liability would be reduced by Carmignani's
8   comparative negligence. Mot. at 9-11. At the same time, they maintain that they have no liability
9   for Plaintiffs' Section 1983 claims. Mot. at 8-9. From the City Defendants' description, it is
10  unclear how they arrived at the settlement figure of $195,000.

11  There is no doubt that this is an unusual case in the good faith settlement context; the
12  parties presented no cases where a court was presented with a motion for a good faith settlement
13  determination where both Section 1983 claims and state law claims were present.[3] The Court has
14  only come across one such case, but unlike here, that settlement was unopposed. *See Wu v. Cnty.*
15  *of Los Angeles*, 2008 WL 4559742, at *2 (C.D. Cal. Oct. 8, 2008). From the Court's perspective,
16  the presence of both Section 1983 and state law negligence claims makes it all the more important
17  for the settling Defendants to establish a rough approximation of their proportional liability for the
18  claims potentially subject to contribution. This is because "while a good faith settlement cuts off
19  the right of other defendants to seek contribution or comparative indemnity from the settling
20  defendant, the nonsettling defendants obtain in return a reduction in their ultimate liability to the
21  plaintiff." *Abbott Ford, Inc. v. Superior Court*, 43 Cal. 3d 858, 873 (1987); *see also* Cal. Civ.
22  Proc. Code § 877(a) (providing that the plaintiff's claims against the other defendants are to be

---

[2] Nonetheless, the parties should bear in mind that "[a] plaintiff's claims for damages are not determinative in finding a settlement was made in good faith. Rather, the court is called upon to make a 'rough approximation' of what the plaintiff would actually recover." *Cahill v. San Diego Gas & Elec. Co.*, 194 Cal. App. 4th 939, 964 (2011) (citations and internal marks omitted); *see also Tech-Bilt*, 38 Cal. 3d at 501 (recognizing that settlement amounts may not be at all proportional to sums prayed for in the complaint).

[3] The Court also notes the particularity of invoking a California procedural device where the Court has only federal question jurisdiction over this case under 28 U.S.C. §§ 1331 and 1343(a)(3) & (4) and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a). The parties have not raised this issue in their briefing.

reduced by "the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it, whichever is the greater."). As it stands, it is not clear whether the City Defendants view the entire settlement amount as the rough approximation of their proportional liability for Plaintiffs' negligence claims, Plaintiffs' Section 1983 claims, or some mixture of the two—or perhaps as including other factors, such as attorney's fees or other litigation costs. *See* Reply at 6 ("In point of fact, as an integral part of the concept of a good faith settlement, COUNTY defendants will receive a $195,000 credit/reduction against a jury verdict rendered against them.").

In any case, to confirm that the settlement was made in good faith, the Court must be able to determine that the settlement is not "grossly disproportionate to the settlor's fair share." *Abbott Ford*, 43 Cal. 3d at 874-75. Absent supporting evidence or a reliable assessment of the reasonable range of the City Defendants' proportional liability and how that amount is represented here, it is not possible to say whether the settlement is grossly disproportionate or for the Court to conduct a *Tech-Bilt* analysis at this time. *See City of Grand Terrace*, 192 Cal. App. 3d at 1263. While the County Defendants have the burden of establishing that the settlement was not made in good faith, they are correct that the Court cannot make a good faith determination without the requisite information and support. *See Mattco Forge*, 38 Cal. App. 4th at 1351.

## CONCLUSION

For the foregoing reasons, the Court hereby **DEFERS** ruling on the City Defendants' Motion for Determination of Good Faith Settlement pending the submission of supplemental briefing and evidence. The City Defendants are thus **ORDERED** to submit supplemental briefing and related evidence to support the *Tech-Bilt* factors reference above, and particularly the factor related to proportional liability. The supplemental brief may be no longer than 10 pages, double-spaced; however, supplemental declarations, affidavits, or other supporting evidence are not subject to a page limit. The City Defendants' supplemental briefing and evidence is due by April 10, 2015. Responses are due by April 24, 2015 and should be no longer than 10 pages, double-spaced, with no page-limit for supporting declarations and evidence.

Given the Court's consideration of the City Defendants' Motion in this Order and its

continuing review of this matter, Plaintiffs' Motion for Leave to File a Motion for Reconsideration is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: March 19, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge