UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNETTE FRARY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF MARIN, et al.,<br><br>    Defendants. | Case No. 12-cv-03928-MEJ<br><br>**ORDER APPROVING COMPROMISE OF MINOR'S CLAIM**<br><br>Re: Dkt. No. 226 |

## INTRODUCTION

Plaintiff Jamie Ball, Guardian ad Litem of A.C. ("the Minor" or "A.C."), petitions this Court for an order approving her compromise of her minor daughter's claim against the County of Marin and its employees (the "County Defendants") for injuries allegedly sustained by A.C.'s late father, Anthony Carmignani. Dkt. No. 226 ("Petition"). The Court finds this matter suitable for disposition without oral argument and **VACATES** the July 2, 2015 hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). Having considered the parties' positions, relevant legal authorities, and the record in this case, the Court hereby **APPROVES** the compromise of the Minor's claim against the County Defendants for the reasons stated below.

## BACKGROUND

A full recitation of the facts of this case pertaining to the County Defendants can be found in the Court's February 25, 2015 Order on the County Defendants' Motion for Summary Judgment. *See* Dkt. No. 192. Plaintiffs also filed suit against the City Defendants, including the City of Novato and Novato Police Officers, who have also reached a settlement agreement with Plaintiffs. *See* Dkt. Nos. 190, 191. The Court previously granted Plaintiff Ball's earlier Petition for the compromise of A.C.'s claims against the City Defendants. Dkt. No. 189.

On May 6, 2014, the County Defendants who were not granted summary judgment[1] and Plaintiffs attended a settlement conference with Magistrate Judge Jacqueline Scott Corley, at which time they entered into a settlement of $800,000 for all Plaintiffs.  Petition ¶ 7.  The County Defendants obtained approval by the Board of Supervisors on May 19, 2015.  *Id.*

On May 28, 2015, Plaintiff Ball filed this motion for the Court to approve a compromise of the claim of her minor daughter, proposing to allocate a net recovery of $550,463.95 to A.C.  *Id.* ¶ 14.  The County Defendants filed a statement of non-opposition to the Petition.  Dkt. No. 228.  The City Defendants have not filed any opposition or objection to Plaintiff Ball's Petition.

## DISCUSSION

**A.    Legal Standard**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors."  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'"  *Id.* (quoting Fed. R. Civ. P. 17(c)).

"In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'"  *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); see *also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").  A district court must consider whether the proposed settlement is fair and reasonable as to each minor plaintiff.  *Id*. at 1182  "[T]he district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard."  *Id.*

---

[1] Those Defendants include Robert Doyle, Brian Johnson, Rachel Hammer, Shannon Fetterly, and Susan Lesher.

The *Robidoux* Court, however, expressly limited its holding to a minor's federal claims, noting that it did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n.2. Nevertheless, district courts have found the *Robidoux* rule reasonable in the context of state law claims and have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as well. *Mitchell v. Riverstone Residential Grp.*, 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013) (collecting cases). As this case implicates both federal and state law claims, the Court applies the rule in *Robidoux* to evaluate the settlement of all of the Minor's claims in this case. *See Doe ex rel. Scott v. Gill*, 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012).

## B. Application to the Case at Bar

A.C., through her guardian ad litem, has agreed to settle her claims against the County Defendants in exchange for $600,000.00, which represents 75% of the gross settlement amount. The other 25% is to be distributed to the other two Plaintiffs: Plaintiff Frary for 15% of the gross recovery ($120,000) and to Plaintiff Howard for 10% ($80,000). A.C.'s gross recovery will then be reduced by $49,536.05, which represents 75% of the total amount of case expenses incurred by her counsel that totaled $66,048.06. The net recovery for A.C. is thus $550,463.95.[2]

Upon review of the papers submitted, the Court finds the settlement reasonable and in the best interests of A.C. First, none of the other parties opposed this Petition or otherwise objected to its contents. Second, Plaintiffs have organized the settlement so that A.C. will receive the majority of the settlement proceeds as compared with the other Plaintiffs. Dkt. No. 226, Ex. 3. Finally, having reviewed A.C.'s claims against the County Defendants and recoveries in other similar cases, the Court finds A.C.'s net recovery fair and reasonable under the circumstances. *See, e.g.*, *Hagan v. Cal. Forensic Med. Grp.*, 2013 WL 461501, at *1 (E.D. Cal. Feb. 5, 2013) *report and recommendation adopted*, 2013 WL 552386 (E.D. Cal. Feb. 12, 2013) ($15,000 net recovery reasonable for claims relating to the death of the minor's father in a § 1983 action);

---

[2] The Petition also discusses the Minor's attorneys' fees. Her attorneys seek a fee of 33 1/3% of the net recovery, which is an amount of $183,487.98. Therefore, the net balance of the proceeds paid to A.C. will be at least $366,975.97.

*Armstrong v. Dossey*, 2013 WL 4676541, at *5 (E.D. Cal. Aug. 30, 2013) (finding fair and reasonable settlement of minors' section 1983 claims for their father's death for $11,000 respectively between the minors); *Doe ex rel. Scott*, 2012 WL 1939612, at *2 (finding settlement of minor's section 1983 claims for the death of her mother for $7,188 fair and reasonable); *see also Cotton ex rel. McClure v. City of Eureka, Cal.*, 2012 WL 6052519, at *2 (N.D. Cal. Dec. 5, 2012) (approving a minor's compromise for $4,000,000.00 following defendants' notice of appeal of jury verdict in favor of the minor plaintiff and her grandfather in a § 1983 action).

Accordingly, the Court finds that the Minor's net recovery and the compromise of the Minor's claim is reasonable under the circumstances.[3]

## CONCLUSION

Based on the foregoing, the Court **APPROVES** the compromise of the Minor's claim against the County Defendants.

Additionally, the Court **ORDERS** as follows:

(1) Plaintiff Ball is authorized to execute and convey to the representatives of the County of Marin a release form attached to the Petition as Exhibit 5.

(2) In disbursing the settlement funds, Plaintiff Ball will invest at least $300,000.00, less an assignment fee of $750, in a single-premium deferred annuity for the benefit of A.C., the minor.

(3) The sum of at least $66,975.97 shall be deposited in a federally insured blocked account. No withdrawals of principal or interest shall be made from the blocked account without a written order under this case name and number, signed by a judge, and bearing the seal of this Court, until the minor attains the age of 18 years on April 3, 2024. When the minor attains the age of 18 years, the depository, without further order

---

[3] The Court does not make a finding as to the reasonableness of Plaintiffs' attorneys' fees or whether the amounts allocated to Plaintiffs Howard and Frary are fair or reasonable. *See Robidoux*, 638 F.3d at 1182 ("[T]he district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard.").

1     of this Court, is authorized and directed to pay by check or draft directly to the former
2     minor, upon proper demand, all moneys including interest deposited under this Order.
3 (4) Plaintiff Ball and/or the Minor's attorney shall deliver to each depository a copy of this
4     order at the time of deposit.
5 (5) Within 45 days after the receipt of the settlement funds from the County Defendants,
6     Plaintiff Ball shall provide proof to the Court that at least $300,000.00 was invested in
7     a single-premium deferred annuity and that at least $66,975.97 was deposited into a
8     blocked account with a federally insured bank for the benefit of the Minor, and that she
9     can access said funds when she reaches the age of 18 years.
10 (6) Within 60 days after the receipt of the settlement funds from the County Defendants,
11     the parties shall file either: (1) a stipulated dismissal pursuant to Federal Rule of Civil
12     Procedure 41(a)(1)(A)(ii); or (2) a joint status report.

**IT IS SO ORDERED.**

Dated: June 16, 2015

_____
MARIA-ELENA JAMES
United States Magistrate